**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| ANTONIO T. SIMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:09-cv-1309-LJM-JMS |
| | ) | |
| STATE OF INDIANA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry and Order Directing Dismissal of Action**

Plaintiff Antonio T. Sims ("Sims") is confined at an Indiana prison and seeks damages in this action from those he claims are responsible for his unjust conviction. Sims' claims are asserted pursuant to 42 U.S.C. § 1983.

Because Sims is a prisoner, his complaint is subject to screening pursuant to 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

Although Sims seeks damages from several individuals who would be entitled to immunity based on the circumstances he alleges–the trial court judge and the prosecutors–and against other defendants whose potential liability under § 1983 would for various reasons be problematic at best–defense counsel and Sims' prison custodian–there is a more fundamental obstacle to Sims proceeding here.

Although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is time barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993); *see also Woodard v. Jackson,* 2004 WL 771244, at *8 (S.D.Ind. 2004). That is the case here because for Sims to prevail on his claims would necessarily imply the invalidity of his conviction in the state court associated with his allegations. Because of this, these claims cannot proceed. *Muhammad v. Close,* 540 U.S. 749, 751 (2004)(citing *Heck v. Humphrey,* 512 U.S. 477 (1994)); *Gilbert v. Cook,* 512 F.3d 899, 900 (7th Cir. 2007) ("*Heck* . . . holds that the plaintiff in an action under 42 U.S.C. § 1983 may not pursue a claim for relief that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon.").[1]

---

[1] Also pending in this District is Sims' Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. See 1:09-cv-763-WTL-JMS.

For the reasons explained above, the complaint fails to survive the screening required by § 1915A because Sims has pleaded himself out of court. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and **judgment** consistent with this Entry shall now issue. The dismissal shall be **without prejudice**.

**IT IS SO ORDERED.**

Date:   _12/15/2009_

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana